988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. KEARNS, Plaintiff-Appellant,
v.
CHRYSLER CORPORATION, Defendant-Appellee,
and
American Motors Corporation, Defendant.
 No. 92-1531.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1992.
 
 DISMISSED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Chrysler Corporation moves to dismiss Robert W. Kearns' appeal. Kearns opposes. Kearns moves for a stay of proceedings pending appeal. The Houston Inventors Association moves for leave to file a brief amicus curiae in support of Kearns.
 
 
 2
 This matter stems from Kearns' suit in the United States District Court for the Eastern District of Michigan alleging that Chrysler infringed the claims of Kearns' patents relating to electronic intermittent windshield wiper circuits. On December 10, 1991, the jury returned a verdict of infringement. On February 24, 1992, the district court granted Chrysler's motion for summary judgment on the issue of Kearns' right to seek injunctive relief. The district court reasoned that because Kearns' patents had expired, Kearns had no right to the equitable remedy he was seeking. On June 11, 1992, the jury returned a verdict that Chrysler's infringement was not willful and that Kearns was entitled to a reasonable royalty of $.90 per unit. On June 11, the district court entered a judgment on the verdict.* Subsequently, both parties filed timely post-judgment motions. The district court has ruled on some, but not all, of the post-judgment motions. On August 28, 1992, Kearns filed a notice of appeal seeking review of the district court's February 24, 1992 order relating to his right to an injunction.
 
 
 3
 Chrysler argues that Kearns' appeal should be dismissed as either premature or untimely. If Kearns is appealing the final judgment, then Chrysler argues that Kearns' notice of appeal is premature because the district court has not yet ruled on the outstanding post-judgment motions. See Fed.R.App.P. 4(a)(4) (a notice of appeal filed before the disposition of a timely post-judgment motion shall have no effect). If Kearns is appealing the February 24, 1992 order as a denial of an injunction, then Chrysler argues that the appeal is untimely because it was not filed within 30 days. Fed.R.App.P. 4.
 
 
 4
 Kearns opposes dismissal stating that the judgment became final on July 31, 1992 and thus his appeal was not premature. With regard to Chrysler's pending post-judgment motions, Kearns states that Chrysler had no "relevant" motions on file as of August 28, 1992. Nonetheless, Chrysler states and the docket sheet shows that the district court had not ruled on Chrysler's post-judgment motions at the time Kearns filed his notice of appeal. Hence, Kearns' appeal is premature and must be dismissed. Fed.R.App.P. 4(a)(4).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Chrysler's motion to dismiss is granted. Each side shall bear its own costs.
 
 
 7
 (2) All other outstanding motions are moot.
 
 
 
 *
 On July 31, 1992, the district court amended the judgment correcting an arithmetical error